UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PATRICK CROWE,

                        Petitioner,                  **DECISION AND ORDER**

       -against-                                 22 Civ. 2274 (PMH) (AEK)

SUPERINTENDENT MICHAEL CAPRA,

                        Respondent.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

*Pro se* Petitioner Patrick Crowe filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 16, 2022 (the "Petition"),[2] asserting nine grounds for relief from his 2015 conviction, in which a jury found him guilty of course of sexual conduct against a child, predatory sexual assault against a child, and endangering the welfare of a child. *See* ECF No. 1. Currently before the Court is Petitioner's application for the Court to appoint *pro bono* counsel, which was received and docketed on February 17, 2023, and which the Court construes as a motion made pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B) (the "CJA").[3]

---

[1] The Honorable Philip M. Halpern referred this matter to the undersigned on October 7, 2022.  ECF No. 10.

[2] The Petition originally was filed in the United States District Court for the Northern District of New York and subsequently was transferred to the United States District Court for the Southern District of New York on March 21, 2022 pursuant to 28 U.S.C. § 1404(a). *See* ECF Nos. 4, 5.

[3] Because Petitioner is not proceeding *in forma pauperis* ("IFP"), the application cannot be construed as having been made pursuant to 28 U.S.C. § 1915(e).  In his current application for the Court to request *pro bono* counsel, Petitioner checked the box indicating that he has "not previously filed an IFP application in this case and now attach[es] an original IFP application showing [his] financial status." ECF No. 18.  But the statement that Petitioner attached to the current application is not an actual IFP application, which requires the completion of a particular document and submission of certain specific information.  *See* footnote 5, below.

*See* ECF No. 18.  For the reasons stated below, Petitioner's application is DENIED WITHOUT PREJUDICE.

## LEGAL STANDARDS

Unlike criminal defendants, litigants in habeas corpus proceedings have no constitutional right to counsel.  *Wright v. West*, 505 U.S. 277, 293 (1992); *McCray v. Royce*, No. 20-cv-4127 (KPF) (KHP), 2020 WL 8669830, at *1 (S.D.N.Y. July 29, 2020).[4]  Under the CJA, however, courts have the authority to appoint counsel for "any person financially unable to obtain adequate representation" when "the interests of justice so require."  18 U.S.C. §§ 3006A(a), (a)(2)(B) ("representation *may* be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28" (emphasis added)); *see Maldonado v. N.Y. State Parole Cmty. Supervision*, No. 22-cv-4839 (LTS), 2022 WL 17417279, at *3 (S.D.N.Y. Dec. 5, 2022).  "In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants."  *Maldonado*, 2022 WL 17417279, at *3; *accord Mack v. Collado*, No. 21-cv-8541 (KMK) (PED), 2022 WL 515690, at *1 (S.D.N.Y. Jan. 11, 2022) (citing *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)); *Hall v. Le Claire*, No. 10-cv-3877 (LAP) (KNF), 2013 WL 12497377, at *2 (S.D.N.Y. Sept. 6, 2013).

Thus, in ruling on this application, the Court considers the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), the case that provides the standard that courts in this Circuit use to determine whether appointment of counsel in a civil matter is appropriate.

---

[4] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Petitioner along with this Decision and Order.

Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance." *Id.* at 61. If an application meets this threshold requirement, the district court must further consider the petitioner's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *see Hodge*, 802 F.2d at 61-62.

## APPLICATION

Before the Court can determine whether the interests of justice require appointing counsel in this case, Petitioner must show that he is "financially unable to obtain adequate representation." *See* 18 U.S.C. § 3006A(a); *Williams v. Smith*, No. 20-cv-2167 (PMH) (LMS), 2020 WL 8620031, at *1 (S.D.N.Y. Sept. 24, 2020). Petitioner has not submitted an application to proceed IFP in this case (*i.e.*, without the prepayment of fees), and instead, paid the filing fee of $5.00, which was processed on March 17, 2022. Moreover, nowhere in his application or elsewhere in the record has Petitioner provided any concrete information about his financial situation. The Court therefore has insufficient information at this time to determine whether Petitioner is financially eligible for court-appointed counsel.[5]

Even assuming Petitioner could make the requisite financial showing, he has not satisfied the *Hodge* factors. First, the Court does not have a sufficient basis to conclude at this point that Petitioner's claims "ha[ve] substantial merit." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669

---

[5] When he filed the Petition, Petitioner remitted the statutory filing fee but also submitted a letter requesting to be provided with an application to proceed IFP. *See* ECF No. 2. A copy of that application is attached to this Decision and Order should Petitioner wish to make a formal submission for IFP status. As set forth in the next paragraph, however, Petitioner has not satisfied the *Hodge* factors; in other words, receiving IFP status alone would not alter the outcome of this application.

F.3d 91, 98 (2d Cir. 2011). The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a strict standard of review for Federal courts reviewing the decisions of State courts: if an application for a writ of habeas corpus is to succeed, the State court proceeding must have resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "a decision based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). In addition, a determination of a factual issue made by a State court is presumed to be correct. 28 U.S.C. § 2254(e)(1). While this Court makes no final determination regarding the merits of the Petition at this time, the Court has conducted a preliminary review of the parties' submissions for purposes of resolving the request for appointment of counsel. Based on this initial review, Petitioner's claims do not appear to satisfy the stringent requirements required to obtain habeas relief under AEDPA, and the Court cannot conclude at this time that Petitioner has made a threshold showing that his claims have substantial merit.

Moreover, the Court cannot conclude that the remaining *Hodge* factors weigh in favor of Petitioner's request. Although Petitioner made a limited showing as to the second *Hodge* factor—his "ability and efforts to obtain counsel," *see* ECF No. 18 at 3 (explaining that Petitioner has unsuccessfully attempted to obtain *pro bono* services from several "actual innocence agencies" and a law firm)[6]—he has not satisfied the third factor by demonstrating an inability to handle his case without assistance. To the contrary, Petitioner has shown in his filings that he is capable of engaging with the law and challenging his incarceration on the numerous bases raised in the Petition. *See Maxwell v. New York Univ.*, 407 F. App'x 524, 528

---

[6] In a letter dated April 10, 2023, Petitioner requested a "pro-bono counsel list [he] could work from." ECF No. 24. The Court does not maintain such a list.

4

(2d Cir. 2010) (summary order) ("the district court did not abuse its discretion in denying appointed counsel because [the plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action"). And further, it is not likely that an evidentiary hearing and/or cross-examination will be necessary in this habeas proceeding. *See Cooper*, 877 F.2d at 172. In sum, the Court has no reason to believe Petitioner will be unable to proceed in this matter without the appointment of counsel.

## CONCLUSION

For the reasons stated above, Petitioner's application for the Court to appoint *pro bono* counsel is DENIED WITHOUT PREJUDICE. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 18.

Dated: April 18, 2023
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Decision and Order has been mailed to the *pro se* Petitioner by Chambers at Petitioner's address of record on the docket.