UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PATRICK CROWE,

                              Petitioner,                **DECISION AND ORDER**

           -against-                               22 Civ. 2274 (PMH) (AEK)

SUPERINTENDENT MICHAEL CAPRA,

                              Respondent.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Petitioner Patrick Crowe ("Petitioner"), who is incarcerated at Sing Sing Correctional Facility, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his New York State conviction for predatory sexual assault against a child and endangering the welfare of a child. *See* ECF No. 1 ("Petition") at 1.[1] Currently before the Court are three motions: (1) a motion by Superintendent Michael Capra ("Respondent") for leave to file certain documents under seal; (2) Petitioner's motion for a stay; and (3) Petitioner's application to proceed *in forma pauperis* ("IFP"). ECF Nos. 29, 33, 35. For the reasons that follow, the motion for leave to file under seal is GRANTED, the motion to stay is DENIED, and the application to proceed IFP is DENIED WITHOUT PREJUDICE.

    **I.**    **Motion For Leave to File Under Seal**

       Respondent previously filed a motion to file under seal (1) Respondent's memorandum of law in response to the Petition, (2) the state court record with the exception of published state judicial decisions, and (3) all future filings that identify the victim in Petitioner's underlying

---

[1] Citations to the Petition refer to the pagination generated by the Court's CM/ECF docketing system, and not the document's internal pagination.

criminal case. ECF No. 21 ¶ 4. The Court denied that motion without prejudice to renew, explaining that Respondent's request to seal was not sufficiently narrowly tailored to balance the competing interests of public access to judicial documents and protecting the identity of a minor victim. ECF No. 27 at 3-4.

Having narrowed the scope of the sealing request, Respondent has now resubmitted the application to maintain certain portions of these filings under seal. *See* ECF No. 29. In the renewed application, Respondent requests that two footnotes be redacted from the publicly filed memorandum of law for purposes of protecting a child victim's identity. *Id.* ¶ 5; ECF No. 32 at 8 n.2, 12 n.5 (proposed memorandum to be filed under seal); *see also* ECF No. 28 at 8 n.2, 12 n.5 (publicly filed memorandum of law). Additionally, Respondent requests that the over 2,500-page state court record, with the exception of publicly available state court decisions, be maintained under seal. ECF No. 29 ¶ 8; *see* ECF Nos. 30, 31 (state court record). Respondent represents that this record contains "hundreds of references to the victim's identifying details," many of which "are of a character that an automated keyword search would not necessarily locate them." ECF No. 29 ¶ 8.

As discussed in the Court's previous decision on this subject, there is a "common law right of public access to judicial documents," which is "firmly rooted in our nation's history" and which creates a rebuttable "presumption" in favor of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* ECF No. 27 at 2-3 (discussing legal standards applicable to sealing judicial documents in this Circuit). There is no question that the state court record and Respondent's memorandum of law are "judicial documents" that are subject to a strong presumption of access. *See Kemp v. Noeth*, No. 20-cv-9121 (RA) (SN), 2021 WL 1512712, at *1-2 (S.D.N.Y. Apr. 15, 2021); *McCord v. Reardon*, No.

20-cv-2005 (EK), 2020 WL 5342637, at *1 (E.D.N.Y. Sept. 4, 2020).[2]  At the same time, however, the importance of safeguarding a minor sexual assault victim's identity is a "compelling reason" to limit the general public's access to documents filed in a case.  *See Scott v. Graham*, No. 16-cv-2372 (KPF) (JLC), 2016 WL 6804999, at *2 (S.D.N.Y. Nov. 17, 2016); *see also Ocasio v. Noeth*, No. 19-cv-6894 (EAW), 2021 WL 1437970, at *2 (W.D.N.Y. Apr. 16, 2021).  For that reason, "[i]n habeas proceedings seeking relief from convictions for sex offenses, numerous courts . . . have entered sealing orders, or have excluded the rape victim's name from judicial documents, to protect the victim's identity."  *McCord*, 2020 WL 5342637, at *2 (quotation marks omitted); *see also, e.g.*, *Caridad v. Capra*, No. 22-cv-8542 (JHR) (SLC), 2023 WL 2447266, at *1 (S.D.N.Y. Mar. 10, 2023) (granting request to seal documents in habeas proceeding to protect identity of victim of sex offense); *Ocasio*, 2021 WL 1437970, at *2 (granting in part request to seal documents in habeas proceeding related to identities of minor victims of sexual abuse).

      Having reviewed the portions of the documents that Respondent requests be filed under seal, the Court finds that Respondent's proposal to redact two footnotes from his memorandum of law in opposition to the Petition is sufficiently narrowly tailored to balance the competing interests of providing public access to judicial documents and protecting the identity of a minor victim of sexual abuse.  *See Ocasio*, 2021 WL 1437970, at *2.  Likewise, the Court has reviewed the state court record and finds that given the prevalence of references to the minor victim and identifying details about the minor victim, redacting the state court record is not practicable.

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of these cases and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Petitioner along with this Decision and Order.

3

Therefore, it is appropriate to seal the portions of the state court record identified by Respondent. *See Caridad*, 2023 WL 2447266, at *1; *Ocasio*, 2021 WL 1437970, at *1 (noting court had previously "permitted [r]espondent to file the state court record under seal, in order to protect minor victims' right to privacy").

For all of these reasons, Respondent's motion for leave to file certain materials under seal is GRANTED.

II. **Motion to Stay the Petition**

By motion that was docketed on May 10, 2023, Petitioner seeks an order staying the Petition while he exhausts state court remedies as to one of his claims. *See* ECF No. 34. Specifically, Petitioner asserts that he has not yet exhausted a claim that the prosecutor in his criminal case violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to produce documents containing purported impeachment material. *See* ECF No. 34 at 3. For a stay to be granted, a habeas petitioner must demonstrate that he or she "[1] had good cause for his [or her] failure to exhaust, [2] his [or her] unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Here, because Petitioner has failed to meet these requirements, the Court will not stay adjudication of the Petition.

First, Petitioner has not demonstrated good cause for his failure to exhaust. "To demonstrate good cause, Petitioner must show that 'some factor external to the [P]etitioner gave rise to the' Petitioner's delay in bringing the claim [he or she] now wish[es] to exhaust." *Degree v. Corey*, No. 21-cv-11012 (CS) (JCM), 2023 WL 3984760, at *5 (S.D.N.Y. June 13, 2023) (quoting *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417 (S.D.N.Y. 2007)); *accord King v. Phillips*, No. 03-cv-6073 (NGG), 2006 WL 3358996, at *3 (E.D.N.Y. Oct. 3, 2006). In support of his

motion, Petitioner states that he had access to the documents he alleges constitute newly discovered *Brady* material by April 2022 at the latest.[3]  ECF No. 34 at 2-3.  But even though Petitioner has had these materials for over a year, he still had not begun the process of exhausting his state court remedies at the time that this motion was filed, and has not provided any explanation for the delay.  *See id.* at 1 (requesting "sixty days to file a [m]otion . . . pursuant to CPL § 440.10 in order to exhaust his State remedies").  In the absence of any justification for his delay, the Court cannot find that Petitioner has demonstrated good cause for his failure to exhaust.  *See, e.g.*, *Degree*, 2023 WL 3984760, at *5.

Additionally, Petitioner has not demonstrated that his *Brady* claim is potentially meritorious.  To prevail on a petition for habeas relief related to a *Brady* claim, Petitioner must show that the state prosecutor suppressed evidence and that: "[1] '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued.'"  *Haywood v. Griffin*, No. 16-cv-3870 (KMK) (JCM), 2017 WL 961739, at *2 (S.D.N.Y. Mar. 13, 2017) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).  "The suppression of evidence favorable to an accused violates due process where the evidence is 'material,' meaning that it creates 'a reasonable probability that, had the evidence

---

[3] Petitioner's motion also makes reference to a report with handwritten notes that Petitioner received from the defense lawyer who represented him at trial, but that Petitioner subsequently lost.  *See* ECF No. 34 at 2-3.  Given Petitioner's statement that this document was contained in his defense lawyer's case file, it is unlikely this document can serve as the basis for a *Brady* violation claim.  *See, e.g.*, *Payne v. LeFevre*, 825 F.2d 702, 707 (2d Cir. 1987) (finding no *Brady* violation where information contained in report that was not disclosed "was duplicative of material which [defendant's] trial counsel already had in her possession"); *United States v. Saipov*, No. 17-cr-722 (VSB), 2023 WL 3495031, at *3 (S.D.N.Y. May 16, 2023) ("As long as a defendant possesses *Brady* evidence in time for its effective use, there can be no *Brady* violation." (cleaned up)).

been disclosed to the defense, the result of the proceeding would have been different.'" *Graves v. Phillips*, 531 F. App'x 27, 30 (2d Cir. 2013) (summary order) (quoting *Strickler*, 527 U.S. at 280); *accord Slater v. Gonyea*, No. 16-cv-8540 (KMK) (JCM), 2019 WL 5790618, at *6 (S.D.N.Y. Sept. 23, 2019), *adopted by* 2019 WL 5784740 (S.D.N.Y. Nov. 6, 2019).

Here, Petitioner has provided no details whatsoever regarding what information the alleged *Brady* material contains, and states simply that "the reports contain impeachment material." ECF No. 34 at 3. Petitioner does not explain the nature of the reports, which witness or witnesses would have been impeached by the information contained in the reports, or how the outcome of his trial would have been affected had any witness(es) been impeached. *See id.* Under these circumstances, the Court cannot find that Petitioner's claim is potentially meritorious. *See Linares v. Greiner*, No. 02-cv-1844, 2003 WL 23864914, at *30 (E.D.N.Y. Oct. 24, 2003) (rejecting *Brady* claim where petitioner did not "identif[y] which prosecution witness would have been cross-examined with the material" or "show[] how the impeachment of any significant prosecution witness could have been determinative on the question of guilt or innocence").

Finally, the Court does not have enough information at this time to determine whether Petitioner "petitioner engaged in intentionally dilatory litigation tactics"; in any event, however, "the absence of this factor does not preclude the Court from denying Petitioner's motion to stay." *Degree*, 2023 WL 3984760, at *6.

Accordingly, for all of these reasons, Petitioner's motion to stay the Petition is DENIED.

### III. Application to Proceed IFP

The final motion currently pending before this Court is Petitioner's application to proceed IFP—*i.e.*, without prepaying fees or costs. *See* ECF No. 35. Petitioner's application contains

6

only the first page of this District's standard application form, and importantly, does not include the second page, which requires the applicant to disclose details about his finances and to "declare under penalty of perjury that the above information is true." Before the Court can assess Petitioner's request, Petitioner must submit a complete application.

Based on the incomplete application currently before the Court, Petitioner's application to proceed IFP is DENIED WITHOUT PREJUDICE. A blank application form will be provided to Petitioner along with this Decision and Order.[4]

## CONCLUSION

For the reasons stated above, Respondent's motion for leave to file under seal (ECF No. 29) is GRANTED, Petitioner's motion to stay (ECF No. 33) is DENIED, and Petitioner's application to proceed IFP (ECF No. 35) is DENIED WITHOUT PREJUDICE.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 29 and 33.

Dated: November 15, 2023
       White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Decision and Order and a blank IFP application form have been mailed to the *pro se* Petitioner by Chambers at Petitioner's address of record on the docket.

---

[4] The Court previously provided Petitioner with this form in connection with an April 18, 2023 decision and order. There, the Court denied Petitioner's application for appointment of *pro bono* counsel due in part to Petitioner's failure to properly apply to proceed IFP. *See* ECF No. 26.