UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

PATRICK CROWE,

                            Petitioner,                          **ORDER**

            -against-                                            22 Civ. 2274 (PMH) (AEK)

SUPERINTENDENT MICHAEL CAPRA,

                            Respondent.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On November 15, 2023, this Court issued a Decision and Order which, among other things, denied Petitioner's motion seeking a stay so that he could exhaust a claim that the prosecutor in his criminal case violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to produce documents containing purported impeachment material.  ECF No. 41.  Petitioner thereafter filed a letter (ECF No. 42) that the Court treated as a motion for reconsideration of the Court's denial of the stay, and directed Respondent to file a response to the arguments contained in Petitioner's submissions filed at ECF Nos. 39-40 related to his motion for a stay.  ECF No. 43.  Respondent opposed the motion for reconsideration, *see* ECF No. 45, and Petitioner thereafter filed two submissions in reply, *see* ECF Nos. 50-51.

Based on Petitioner's submissions, it is apparent that Petitioner filed his motion to vacate pursuant to New York Criminal Procedure Law ("CPL") § 440.10 on July 31, 2023; the People filed their opposition on September 26, 2023; and Petitioner filed his reply papers on February 2, 2024.  *See* ECF No. 51.  Petitioner has not filed anything further with thus Court regarding his CPL § 440.10 motion.  The Court therefore does not know whether the Rockland County Court decided the motion or, if the motion was decided and denied, whether Petitioner filed an

application for leave to appeal that decision to the Appellate Division, Second Department.  If the *Brady* claim raised in the CPL § 440.10 motion has been fully exhausted,[1] then the motion for reconsideration of the Court's denial of the request for a stay would now be moot.  *See*, *e.g.*, *Bentley v. Superintendent, Green Haven Corr. Facility*, No. 22 Civ. 3818 (PMH) (JCM), 2023 WL 12095890, at *1 (S.D.N.Y. Feb. 2, 2023) ("Since Petitioner's motion for a stay is predicated upon the exhaustion of his 440.10 motion in state court, the Court may deny the motion for a stay as moot if such motion is exhausted.") (citing cases).

Accordingly, **by no later than April 2, 2026**, Respondent must file a letter, informing the Court of the status of the CPL § 440.10 motion and providing the Court with copies of any decisions issued by the Rockland County Court and/or the Appellate Division, Second Department.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner at his address of record on the docket.

Dated:  March 20, 2026
        White Plains, New York

                                        **SO ORDERED.**

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge

---

[1] While the motion for a stay stated only that Petitioner had not yet exhausted a *Brady* claim,  *see* ECF No. 34 at 3, the CPL § 440.10 motion that he filed asserted three claims:  (1) the prosecution violated his right to due process by failing to turn over *Brady* material, *i.e.*, Child Protective Services ("CPS") notes and reports; (2) ineffective assistance of counsel for failure to subpoena or otherwise obtain the CPS case file; and (3) the prosecution failed to follow the procedural process set forth in CPL § 190.15(1) for extending the grand jury term, and therefore, the indictment was jurisdictionally defective and had to be dismissed.  *See* ECF No. 51 at 6-17.

Bentley v. Superintendent, Green Haven Correctional Facility, Not Reported in Fed....

Case 7:22-cv-02274-PMH-AEK    Document 52    Filed 03/20/26    Page 3 of 4

2023 WL 12095890
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Garfield D. BENTLEY, Petitioner,
v.
SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY, Respondent.

22 Civ. 03818 (PMH)(JCM)
|
Signed February 2, 2023

**Attorneys and Law Firms**

Garfield D. Bentley, Comstock, NY, Pro Se.

New York State Attorney Generals Office, New York State Attorney Generals Office, Orange County District Attorneys Office, Andrew R. Kass, Orange County District Attorney's Office, Goshen, NY, for Defendant.

## ORDER

JUDITH C. McCARTHY, United States Magistrate Judge

 **\*1** Petitioner Garfield D. Bentley ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction following a jury trial in the New York State County Court, Orange County ("Orange County Court"). (Docket No. 1). Respondent has timely filed an answer to the petition. (Docket Nos. 30–32). Presently before the Court is Petitioner's application seeking a stay and abeyance of the federal proceeding pending exhaustion of his N.Y. Criminal Procedure Law § 440.10 ("440.10") motion in state court. (Docket Nos. 26, 35). Respondent opposes this motion. (Docket Nos. 28, 33, 37). For the reasons that follow, the Court denies Petitioner's application as moot.

"In keeping with the purposes of the [Antiterrorism and Effective Death Penalty Act of 1996], 'stay and abeyance [is only available] in limited circumstances.' " *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS)(JCF), 2007 WL 2172606, at \*1 (S.D.N.Y. July 30, 2007) (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). [1] Furthermore, it is well settled "that federal courts may not 'give opinions upon moot questions or abstract propositions[.]' " *Calderon v. Moore*, 518 U.S.

149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "The hallmark of a moot case or controversy is that the relief sought ... is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

[1]   If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

Since Petitioner's motion for a stay is predicated upon the exhaustion of his 440.10 motion in state court, the Court may deny the motion for a stay as moot if such motion is exhausted. *See, e.g., Coke v. Superintendent, Green Haven Corr. Facility*, No. 06–CV–811F, 2009 WL 3162486, at \*1 (W.D.N.Y. Sept. 29, 2009) (denying habeas petitioner's motion for a stay as moot because his state 440.10 motion, which the request for the stay was based on, was exhausted); *Smith v. Noeth*, 1:18-CV-0883 (JLS)(MJR), 2021 WL 8153540, at \*1–\*2 (W.D.N.Y. Dec. 29, 2021), *report and recommendation adopted by* 2022 WL 1190221 (W.D.N.Y. Apr. 21, 2022) (same).

On October 28, 2022, Petitioner's 440.10 motion was denied by the Orange County Court. (Docket No. 33-1). Further, the deadline for Petitioner to appeal the Orange County Court's decision to the relevant appellate court has passed, and the record is devoid of any indication that Petitioner filed such an appeal. *See* Docket Nos. 33-1 at 5; 36; 37 at 1–2; N.Y. C.P.L. §§ 450.15(1), 460.10(4)(a), 460.15(2). Consequently, Petitioner's application for a stay and abeyance of his habeas corpus petition "pending his exhaustion of the claims raised in his 440.10 [m]otion in state court, has been rendered moot by the exhaustion of those claims ...." *Coke*, 2009 WL 3162486, at \*1. Accordingly, Petitioner's motion for a stay and abeyance is denied.

 **\*2** The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Petitioner.

**SO ORDERED:**

**All Citations**

Not Reported in Fed. Supp., 2023 WL 12095890

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.