UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PATRICK CROWE,

                          Petitioner,                           **ORDER**

        -against-                                               22 Civ. 2274 (PMH) (AEK)

SUPERINTENDENT MICHAEL CAPRA,

                          Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

        Petitioner Patrick Crowe ("Petitioner") filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, seeking relief from his New York State conviction for predatory

sexual assault against a child and endangering the welfare of a child.  *See* ECF No. 1 ("Petition")

at 1.[1]  On November 15, 2023, the Court issued a Decision and Order which, among other things,

denied Petitioner's motion seeking a stay so that he could exhaust a claim that the prosecutor in

his criminal case violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to produce

documents containing purported impeachment material.  ECF No. 41.  Petitioner thereafter filed

a letter (ECF No. 42) that the Court treated as a motion for reconsideration of the Court's denial

of the stay, and the Court directed Respondent to file a response to the arguments contained in

Petitioner's submissions filed at ECF Nos. 39-40 related to his motion for a stay.  ECF No. 43.

Respondent opposed the motion for reconsideration, *see* ECF No. 45, and Petitioner thereafter

filed two submissions in reply, *see* ECF Nos. 50-51.

---

[1] Specific page citations in this Order to any docketed filings refer to the page numbers
generated by the Court's Electronic Case Filing ("ECF") system.

On March 20, 2026, the Court issued an Order inquiring as to the status of Petitioner's July 31, 2023 New York Criminal Procedure Law ("CPL") § 440.10 motion, noting that if the claims raised in the motion had been fully exhausted, then Petitioner's motion for reconsideration of the Court's denial of his request for a stay would be moot. ECF No. 52. The Court ordered that by no later than April 2, 2026, Respondent was to file a letter, informing the Court of the status of the CPL § 440.10 motion and providing the Court with copies of any decisions issued by the Rockland County Court and/or the Appellate Division, Second Department. *Id.*

On March 31, 2026, Respondent filed his letter, providing the history of the filings and decisions issued on Petitioner's CPL § 440.10 motion as well as copies of the judicial decisions that had been issued. ECF No. 53. In response, Petitioner has filed a motion to amend his petition to add two of the three claims raised in his CPL § 440.10 motion: (1) ineffective assistance of counsel for failure to investigate and subpoena Child Protective Services ("CPS") records; and (2) a *Brady* claim based on the prosecution's failure to turn over CPS records. *See* ECF Nos. 54-56. Petitioner has also filed a letter asking that the motion for reconsideration not be denied as moot until the Court renders a decision regarding the motion to amend. ECF No. 57.

With respect to the motion for reconsideration, the Court explained in its prior order, and the case law makes clear, that where, as here, Petitioner has fully exhausted the claims in his CPL § 440.10 motion, and his motion for a stay was based upon his need to fully exhaust those claims in state court, the motion may be denied as moot. *See* ECF No. 52 at 2 (citing *Bentley v. Superintendent, Green Haven Corr. Facility*, No. 22 Civ. 3818 (PMH) (JCM), 2023 WL

12095890, at *1 (S.D.N.Y. Feb. 2, 2023)).  Accordingly, the Court DENIES AS MOOT the

motion for reconsideration.

Contrary to Petitioner's understanding, the question of whether he may amend the

Petition to add the now fully exhausted ineffective assistance of counsel and *Brady* claims is

entirely separate from the question of a stay, where, as here, Petitioner seeks to amend to add

new claims that were not included in the original Petition.[2]  The Court will resolve this in its

decision on the motion to amend.  Accordingly, the Court orders that the parties make the

following additional submissions:

(1) Respondent's opposition to the motion to amend must be served and filed **by no later than May 15, 2026**.  This filing must address the issues of timeliness and relation back of the proposed amendment, and must also include Respondent's arguments regarding the merits of the proposed new claims so that if the motion to amend is granted, the Court will be able to address all active claims based on these additional submissions.

In addition, both the original Petition, *see* Petition at 17-18, and the proposed amended petition, *see* ECF No. 55 at 23-24, include sections regarding the timeliness of the petition, and Petitioner filed a declaration regarding the timeliness of the original Petition, ECF No. 8, to which Respondent has never responded.  Accordingly, the Court also directs Respondent to address the issue of timeliness of the original Petition in his opposition papers.

---

[2] Because the original Petition was not "mixed," *i.e.*, it did not include both exhausted and unexhausted claims, and the proposed new claims were never included in the original Petition, the rationale of *Rhines v. Weber*, 544 U.S. 269 (2005), does not apply here.  The purpose of the stay and abeyance procedure set forth in *Rhines* was to prevent the dismissal of petitions containing unexhausted claims, which might otherwise foreclose federal habeas review, even of the properly exhausted portions of the mixed petition, due to the expiration of the one-year statute of limitations while petitioners were working to exhaust their previously unexhausted claims in state court.  *See id.* at 275 ("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it [because it includes unexhausted claims] after the limitations period has expired, this will likely mean the termination of any federal review.").  The timeliness of Petitioner's proposed new claims will be considered solely in the context of his motion to amend; it is in no way linked to his motion for a stay or his motion for reconsideration of the Court's denial of a stay.

(2) Petitioner's reply papers in support of both the motion to amend and the merits of his proposed new claims must be served and filed **by no later than July 17, 2026**. Petitioner's reply papers also may address any arguments made by Respondent regarding the timeliness of the original Petition.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se*

Petitioner at his address of record on the docket.

Dated:  April 13, 2026
        White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

4