UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PATRICK CROWE,

                        Petitioner,            **DECISION AND ORDER**

        -against-               22 Civ. 2274 (PMH) (AEK)

SUPERINTENDENT MICHAEL CAPRA,

                       Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Petitioner Patrick Crowe ("Petitioner") has filed a motion for reconsideration of the Court's order issued on April 13, 2026 ("April 13 Order," ECF No. 58), which denied as moot Petitioner's previous motion for reconsideration of the Court's denial of his request for a stay of this habeas proceeding.  *See* ECF No. 61 ("Reconsideration Motion" or "Recon. Mot.").  It appears that Petitioner contests not only the Court's continued denial of a stay, but also the Court's statement that the new claims Petitioner seeks to add to his habeas petition ("Petition," ECF No. 1) were not included in the original Petition, and therefore that the original Petition was not a "mixed" Petition containing both exhausted and unexhausted claims.  *See id.* at 2-3; April 13 Order at 3 & n. 2.  Petitioner continues to maintain that the Petition was a "mixed" petition when filed, and therefore that the standard for granting a stay set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), should apply to his request for a stay.[1]

---

[1] In the "Conclusion" section of the Reconsideration Motion, Petitioner "requests that the Court vacate the portion of the [April 13] Order denying a stay and abeyance, as the Petitioner has satisfied the 'good cause' and 'merits' standards established in *Rhines v. Weber*, 544 U.S. 269 (2005) . . . . Furthermore, the Court should find that the petition is 'mixed' and the Petitioner provided 'fair notice' of his unexhausted Ineffective Assistance and Prosecutorial Misconduct claims within his March 10, 2022 filing (page 13, Section 13(b))."  Recon. Mot. at 9.

Setting aside the question of whether a litigant may move for reconsideration of a decision denying a motion for reconsideration, the Court explained both in its order issued on March 20, 2026, inquiring into the status of Petitioner's New York Criminal Procedure Law ("CPL") § 440.10 motion, ECF No. 52, and the April 13 Order, that any request for a stay would be mooted—and in fact, has been mooted—by the fact that the CPL § 440.10 motion has been fully exhausted in the state courts.  Thus, whether or not the Petition was "mixed" at the time it was filed has no bearing on whether or not Petitioner may **now** amend his Petition to add the claims he fully exhausted by way of his CPL § 440.10 motion.  Put simply, this proceeding **does not need to be stayed** in order for the Court to decide Petitioner's motion to amend the Petition, which has been filed already at ECF Nos. 54-56.  And indeed, **Petitioner is not entitled to a stay**, because the claims he seeks to add to this habeas proceeding via his motion to amend the Petition have now been fully exhausted in the state courts.  Accordingly, there is nothing for the Court to reconsider in its April 13 Order because Petitioner's Reconsideration Motion is addressed only to the question of whether he satisfies the *Rhines* standard for granting a stay.

Any question regarding the timeliness of the proposed amendments to the Petition and/or whether the proposed new claims relate back to the original claims is to be decided in the context of Petitioner's motion to amend.[2]  If the Court determines that the Petition may be amended to add these new claims, then the Court will address the merits of those claims.

Respondent has already filed his opposition to the motion to amend the Petition and, as directed, also has addressed the merits of Petitioner's proposed new claims.  *See* ECF Nos. 62-64.  In accordance with the Court's May 13, 2026 order, *see* ECF No. 60, Petitioner's reply

---

[2] Appropriately, Respondent's memorandum of law in opposition to the motion to amend, which has been filed in accordance with the briefing schedule set by the Court, addresses the issues of timeliness and relation back.  *See* ECF No. 64 at 11-18.

2

papers in support of both the motion to amend and the merits of his proposed new claims must be served and filed **by no later than July 31, 2026**.

For the reasons stated above, Petitioner's Reconsideration Motion (ECF No. 61) is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner at his address of record on the docket.

Dated: June 10, 2026
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

3